IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 18-cv-02644-RBJ-KMT

KYLE GRAY,

    Plaintiff,

v.

EVA LITTLE,
ERNEST MONTANEZ,
ANTOINETTE LOPEZ, and
WARDEN FALK,

    Defendants.

---

ORDER ON MOTION TO DISMISS

---

Defendants move to dismiss what remains of this case pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted. ECF No. 26. I referred the motion to United States Magistrate Judge Kathleen M. Tafoya, who has recommended that the motion be granted in part and denied in part. ECF No. 45. After de novo review, I conclude that I am entirely in agreement with Magistrate Judge Tafoya.

**BACKGROUND**

Briefly, Kyle Gray is an inmate in the Colorado Department of Corrections (CDOC), presently located at the Arkansas Valley Correctional Facility in Ordway, Colorado. In 2009 Gray and another individual, Kandin Wilson, both apparently being associated with "white supremacist" movements, participated in a crime during which a woman was shot and killed by Wilson. Gray testified at trial against Wilson, thereby bettering himself vis-à-vis his own punishment but earning the wrath of other white supremacists. The sentencing mittimus of the

1

state court judge who sentenced Gray states that the "court recommends the inmate swap program through D.O.C. and make it's [sic] best efforts to segregate the defendant from any white supremacy gangs. This is for the safety of the defendant." ECF No. 7 at 20.

According to Gray, notwithstanding the judge's recommendation, he was placed in general population when he arrived at the CDOC facility in Buena Vista, Colorado in 2010. Almost immediately he was assaulted by two white supremacist gang members. Thereafter, he was placed in segregation and then transferred to a facility in Iowa. Gray alleges that soon after his arrival in Iowa he was assaulted by white supremacist gang members there, but prison officials turned a deaf ear to his requests for protection.

In 2016 Gray was transferred back to the CDOC. Gray met with defendant Eva Little at the CDOC's Denver Reception & Diagnostic Center (DRDC). According Gray, Little is a Lieutenant who served on a CDOC tactical team called the "U.N.I.T." which heads all "Intell" within the CDOC and monitors all security threat group activities; she also is on the ICC/PC (Protective Custody) Review Board. ECF No 7 at 5, 10. Gray alleges that he "begged" Lt. Little to place him in a protective custody unit or to transfer him to another out-of-state facility under an assumed name. However, he claims that his pleas "were met with sarcasm and taunts," and that Lt. Little stated that "he had 'fucked up when the CDOC tried to help him,' and that the Court's order to keep him away from White Supremist [sic] gangs was merely a 'recommendation' that the CDOC did 'not' have to follow." *Id.* at 10-11.

On November 7, 2016 Gray was transported to the CDOC facility at Limon, Colorado. He alleges that despite telephone calls from his family, the Warden, James Falk, placed him in general population. On November 11, 2016 he was attacked by several other inmates, most of whom were identified as White Separatists. *Id.* at 11, 24-27. Gray alleges that after the assault

he was initially cuffed and "dragged to segregation," where he was stripped and then left naked for five hours (notwithstanding his repeated requests for medical attention) before he was taken to the hospital. *Id.* at 12. After his release from the hospital he was granted protective custody status. *Id.*

At some point Gray was transferred to the CDOC facility at Buena Vista, Colorado, where he was placed in protective custody, but he continued to be subjected to threats from white supremacist gang members. *Id.* Several of the defendants initially named as defendants in this lawsuit were there and, according to Gray, did little to protect him. Finally, Gray was transferred to his present location in Ordway. He alleges that defendants C/O Antoinette Lopez and Lt. Ernest Montanez, both of whom sit on the Protective Custody Review Board there, are aware that he is the subject of threats and harassment; however, like Lt. Little, remind him that the words of the state court judge in his mittimus were only a recommendation. *Id.* at 13. An attack by a white supremacist was thwarted only due to the intervention of Gray's cellmate. *Id.*

Gray filed this lawsuit pro se on October 16, 2018. In his Amended Complaint he named 12 individual defendants. ECF No. 7 at 1-2. Judge Babcock reviewed the Amended Complaint and dismissed his § 1983 claims to the extent they were filed against the defendants in their official capacities. ECF No. 8 at 17. He also dismissed the individual § 1983 claims against all but four of the defendants. *Id.* On March 28, 2019 the remaining defendants, Little, Falk, Lopez and Montanez, moved to dismiss the claims against them for failure to state a claim under Rule 12(b)(6). ECF No. 26. I referred the motion to Magistrate Judge Tafoya for a recommendation. After full briefing, Judge Tafoya issued her Recommendation on November 12, 2019. ECF No. 45.

Defendants Little and Falk filed a timely objection to the Recommendation on November 25, 2019.  ECF No. 46.  On December 26, 2019 Mr. Gray filed an (untimely) motion to extend time to file an objection, asserting incorrectly that his objection was due on December 20, 2019, and asking for additional time due to limited access to the law library.  ECF No. 50.  I extended the deadline to January 10, 2020.  ECF No. 52.  January 13, 2020 Mr. Gray requested another extension.  ECF No. 54.  I granted a further extension to February 7, 2020.  ECF No. 56.  On February 7, 2020 Mr. Gray filed a response to defendants' objection but no objection of his own.  ECF No. 58.

## MAGISRATE JUDGE RECOMMENDATION

Magistrate Judge Tafoya concluded that Gray's claims against Lt. Little and Warden Falk sufficiently alleged the objective and subjective components of a deliberate indifference claim under the Eighth Amendment, and their personal participation, to survive a motion to dismiss.  ECF No. 45 at 9-12.  She did not, however, find Gray's allegations sufficient as to defendants Lopez and Montanez.  *Id.* at 12-13.  As to defendants Little and Falk's invocation of qualified immunity, Judge Tafoya noted that it is well-settled law in the Tenth Circuit that prison officials have a constitutional duty to take reasonable measures to guarantee inmates' safety, including protection against violence at the hands of other inmates.  *Id.* at 13-14.  Gray plausibly alleged that those two defendants did not fulfill that constitutional duty.  *Id.*

## OBJECTION BY DEFENDANTS LITTLE AND FALK

Both defendants argue that plaintiff's allegations failed to demonstrate their personal participation and failed plausibly to set forth facts that would establish a constitutional violation.  They also argue that the allegations did not demonstrate a violation of clearly established law.  In

short, they objected to essentially every finding and conclusion made by Magistrate Judge

Tafoya. ECF No. 46.

## OBJECTIONS OF PLAINTIFF

As indicated, Mr. Gray did not file an objection to the magistrate judge's recommendation. He filed a response to defendants Little and Falk's objection. ECF No. 58.

## STANDARD OF REVIEW

The district court determines de novo any part of a magistrate judge's recommendation on a dispositive motion to which proper objections were made. Fed. R. Civ. P. 72(b)(3). I have conducted a de novo review of the recommendation, including to the parts to which no objection was made.

## CONCLUSIONS

**A. <u>Defendant Little</u>.**

First, I find, as Magistrate Judge Tafoya did (and Judge Babcock implicitly did) that plaintiff has sufficiently alleged the personal participation of Lt. Little. Plaintiff has alleged, and for present purposes only the Court takes as true, that he personally "implore[ed]" her either to place him in protective custody or to transfer him to an out-of-state facility, and that his pleas was "met with sarcasm and taunts." The objection's argument to the contrary does not add to its credibility.

I agree with Magistrate Judge Tafoya that Gray has stated an Eighth Amendment claim. He has alleged that he is "incarcerated under conditions positing a substantial risk of serious harm," which satisfies the objective component. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Lt. Little's alleged response to his plea for protection satisfies the subjective component. I note that she allegedly also told him that the state judge's mittimus was "merely a recommendation

that the CDOC did not have to follow." Technically, that is true. However, implicit in the judge's recommendation was that the CDOC at least make a reasonable effort to provide protection against gang retaliation. Lt. Little's alleged comments and attitude are inconsistent with the recommendation and fortify the finding of the subjective component.

Finally, vis-à-vis the qualified immunity argument, I agree that it is settled law of which prison officials should be aware that they must take reasonable measures to provide for an inmate's safety. *See Castillo v. Day,* 790 F.3d 1013, 1020 (10th Cir. 2015); *Garret v. Stratman,* 254 F.3d 946, 949 (10th Cir. 2001).

### B. <u>Defendant Falk</u>.

Warden Falk's personal participation is established by the allegation that Gray's family via telephone calls urged him to place Gray in protective custody, but he instead place Gray in general population, where he was assaulted and hospitalized within days. Whether the warden personally made the decision to place Gray in general population, the fact remains that he allegedly was asked as the head of the institution to see that Gray was placed in protective custody, and it did not happen. Magistrate Judge Tafoya notes in a footnote that plaintiff did not specifically allege the substance of the family telephone calls or that the warden received the calls. However, at this stage of the case the Court is required to construe factual allegations and inferences that reasonably can be drawn from those allegations in plaintiff's favor. The Court infers from the allegation, "[I] was intentionally placed in General Population despite phone calls to Warden Falk from [my] family," that the family member(s) at least left messages asking that Gray be protected so that white supremacist gang members could not harm him. If those facts are not accurate, this is not the stage of the case to correct them.

For the same reasons discussed regarding Lt. Little, I find that plaintiff has sufficiently alleged an Eighth Amendment violation, and that prison officials, including certainly a warden in charge of a prison, reasonably are aware of the constitutional duty to take reasonable measures to protect inmates from assaults by other inmates. This is not a matter of novel legal issues. It is a matter of what the facts are.

**C. <u>Defendants Lopez and Montanez</u>.**

Notably, plaintiff is in a protective custody unit in his present facility, the Arkansas Valley Correction Facility. Plaintiff alleges, "Lt. Ernest Montanez and C/O Antionette Lopez, who both sit on the PC Review Board, are aware of the Plaintiff's plight, but constantly remind him that his mittimus wording is only a 'recommendation' and CDOC does not have to follow it." ECF No. 7 at 13. Magistrate Judge Tafoya distinguished these defendants from defendants Little and Falk on the basis that plaintiff did not allege facts showing that "those Defendants knew that any of the other protective custody inmates posed a substantial safety risk to Plaintiff," nor that they "played any role in the decision regarding where he, or any other inmate, was housed at AVCF," nor that "such a decision was within the scope of their duties." ECF No. 45 at 13. I agree that plaintiff has not sufficiently alleged a constitutional violation against either Lopez or Montanez.

**ORDER**

1. The Recommendation of Magistrate Judge Tafoya, ECF No. 45, is ACCEPTED AND ADOPTED.

2. Defendants' Motion to Dismiss, ECF No. 26, is GRANTED IN PART AND DENIED IN PART: denied as to defendants Little and Falk but granted as to defendants Lopez and Montanez. The claims against Lopez and Montanez are dismissed with prejudice.

DATED this 12th day of February, 2020.

                                                  BY THE COURT:

                                                  _____
                                                  R. Brooke Jackson
                                                 United States District Judge